**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:11-CR-0516-RWS |
| JOSE DE JESUS SANTOS-GOMEZ, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion for Consolidation or to Dismiss as Multiplicitous [16]. After reviewing the record, the Court enters the following Order.

On November 21, 2011, an Indictment was returned charging Defendant with: (1) possession of marijuana as an inmate in the United States Penitentiary in Atlanta, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3) and (d)(1)(B); (2) possession of a weapon, specifically, a "shank," as an inmate in the United States Penitentiary in Atlanta, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3) and (d)(1)(B); and (3) possession with intent to distribute marijuana, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Defendant has filed a Motion asserting that Counts One and Two are multiplicitous because they charge him with the same crime, possession of contraband in a prison.

"An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) (citation omitted). Charging a defendant with multiplicitous counts gives rise to "two vices": "First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes-not one." United States v. Smith, 231 F.3d 800, 815 (11th Cir. 2000) (quoting United States v. Langford, 946 F.2d 7978, 802 (11th Cir. 1991)). "A multiplicitous indictment therefore violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense." Williams, 527 F.3d at 1241.

The parties agree that the Court should apply the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), which held: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether

2

there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Although Blockburger addressed criminal offenses in separate statutory sections, this same test has been applied to several offenses enumerated in one statutory section. United States v. Goodman, 605 F.2d 870, 884-85 (5th Cir. 1979).[1] The parties disagree as to whether these two counts require different elements of proof. Relying on United States v. Allen, 190 F.3d 1208, 1210-1213 (11th Cir. 1999), the Government asserts that "the Eleventh Circuit has interpreted the definitions of a 'prohibited object' in subsection (d) as an element of the offense described in Section 1791(a)(2). On the other hand, Defendant asserts that the elements of the charge set out in the Eleventh Circuit Pattern Jury Instructions 68.2 are the same regardless of whether the prohibited object is marijuana or a weapon. Based on the holding in Allen, the Court concludes that different elements of proof are required for the two charges.

---

[1] The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

AO 72A
(Rev.8/82)

Further, the Court finds that the specific language in the statute suggests that there can be multiple convictions for possession of different prohibited objects at the same time. The statute prohibits the possession of "a prohibited object." This language is similar to that used in statutes describing drug offenses that prohibit conduct with regard to "a controlled substance." In those instances, multiple convictions can result from the prohibited conduct relative to multiple drugs. In opposition to this view, Defendant relies on firearms cases in which the possession of multiple firearms and ammunition have been found to constitute a single crime. However, the applicable statute in those instances prohibits conduct with regard to "any firearm or ammunition." 18 U.S.C. § 922(g).

Based on the foregoing, the Court finds that the charges contained in Counts One and Two are not multiplicitous. Therefore, Defendant's Motion [16] is **DENIED**.

**SO ORDERED** this __29th__ day of May, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)